# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2834 | DATE | July 7, 2008 |
| CASE TITLE | Rodney Arnold (#2006-0060883) vs. Kelly Christl, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#10] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a pretrial detainee in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff seeks appointment of a new attorney in his state criminal proceedings.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $15.04 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

(CONTINUED)

mjm

**STATEMENT (continued)**

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable federal claim as a matter of law.

The plaintiff contends that his defense attorney (and her supervisor) have been ineffective in multiple respects. However, as the court advised the plaintiff in its Minute Order of May 23, 2008, to be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *See, e.g., Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In this case, the plaintiff is not suing a state official; rather, he is suing his public defender. Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812, 8 (N.D. Ill. 1993), *aff'd* 46 F.3d 1133 (7th Cir. 1995), *cert. denied*, 516 U.S. 853 (1995).

Furthermore, this court has no authority to discharge plaintiff's counsel in a state criminal case. Again, as the court previously advised the plaintiff, federal courts are largely prohibited from interfering in pending state criminal proceedings, in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965). If the plaintiff seeks to have his attorney withdraw from representing him, he should file a motion in his state criminal case, not seek relief in federal court under 42 U.S.C. § 1983.

In the event of his conviction, the plaintiff may have a viable claim for ineffective assistance of counsel sounding in habeas corpus, but only after he exhausts available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Litscher*, 178 F.3d at 500.

For the foregoing reasons, this suit is dismissed for failure to state a federal claim/for lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court or under federal habeas law.

The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."